## KISUKI WAKI *v.* TAKIZO YAMADA.

## No. 1313.

EXCEPTIONS FROM CIRCUIT COURT FIFTH CIRCUIT. HON. W. C. ACHI, JR., JUDGE.

ARGUED APRIL 15, 1921.                    DECIDED APRIL 22, 1921.

COKE, C. J., KEMP, J., AND CIRCUIT JUDGE FRANKLIN IN PLACE OF EDINGS, J., ABSENT.

HUSBAND AND WIFE—*enticing wife to abandon husband—evidence.*

In an action to recover damages for enticing a wife to abandon her husband the *quo animo* with which the defendant acted ought to be made a material point of inquiry.

OPINION OF THE COURT BY COKE, C. J.

This is an action instituted in the circuit court of the fifth judicial circuit by the plaintiff, appellant, against the defendant, appellee, based upon a complaint alleging that the defendant "did surreptitiously on or about the month of May, 1920, send one Shimo Waki, the legal wife of plaintiff, to the Empire of Japan and out of the jurisdiction of the Territory of Hawaii without the knowledge and consent of said plaintiff and to deprive the plaintiff of her the said Shimo Waki's company and services." At the conclusion of the evidence on behalf of plaintiff counsel for defendant interposed a motion for a judgment of nonsuit which was granted by the trial court and the action was dismissed. The plaintiff comes here upon a

bill of exceptions which presents the one question, which is whether as a matter of law there was sufficient evidence presented to the jury to warrant it in returning a verdict for the plaintiff. The gist of the action as revealed in the complaint is the alleged loss of the consortium or society, affection, aid and comfort which the husband was entitled to expect and have from his wife and of which he alleges he was deprived by the wrongful act of the defendant.

The evidence in the case is fragmentary and much of it is hearsay and would no doubt have been excluded had timely objection thereto been interposed. If plaintiff's case can be sustained at all it must be upon the theory that he has established *prima facie* that the defendant tortiously enticed, induced or in some other manner wrongfully deprived the plaintiff of the conjugal society or consortium of his wife. The only evidence in the case which at all connects the defendant with the departure of plaintiff's wife from Hawaii was the mere statement of one of the witnesses for the plaintiff to the effect that defendant in a conversation with the witness stated that he had sent plaintiff's wife back to Japan. No additional facts were shown connecting the defendant with the abandonment of plaintiff by his wife and it seems to us that the bald statement of the witness for plaintiff that defendant had remarked that he had sent plaintiff's wife back to Japan is insufficient to support a verdict in favor of the plaintiff. The trial court took this view of the case and drew attention to the lack of any evidence tending to show that the defendant had induced, encouraged or enticed the plaintiff's wife to quit the Territory. In a case of this nature the *quo animo* with which the defendant acted ought to be made a material point of inquiry.

Because the plaintiff failed to make out a *prima facie*

case the exceptions must be and the same are overruled.

*N. W. Aluli* (*S. K. Kaeo* and *E. K. Aiu* with him on the brief) for plaintiff.

*L. A. Dickey* for defendant.